UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VIBOL SOK, | * |
| Petitioner, | * |
| v. | * Civil Action No. 19-12071-IT |
| YOLANDA SMITH, | * |
| Respondent. | * |

ORDER

October 9, 2019

TALWANI, D.J.

On October 6, 2019, Petitioner Vibol Sok filed an <u>Emergency Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Petition for Writ of Mandamus Pursuant to 28 U.S.C. § 1361</u> [#1]. On October 7, 2019, Judge Saylor, on emergency duty, issued an <u>Order</u> [#4] directing service of the emergency petition. The <u>Order</u> noted that, under 8 U.S.C. § 1252, there was a "substantial question whether this Court has subject-matter jurisdiction to provide any of the requested relief." Nonetheless, so that the merits of the petition could be evaluated, the <u>Order</u> directed Respondent to respond to the petition within 21 days and not move Petitioner out of the District of Massachusetts without providing the court 48 hours advanced notice of the move and the reason therefore. Order 2 [#4]. On October 8, 2019, Respondent file a <u>Notice of Intent to Transfer</u> [#5] Petitioner to Texas at 7:30 A.M. on October 10, 2019. Respondent explained that the purpose of the transfer was for a consulate interview with officials from the Cambodian government on October 11, 2019, and that Petitioner was scheduled to be returned to the District of Massachusetts by October 15. The matter was reassigned to this session, and on October 9,

2019, the court held an emergency hearing regarding the Notice [#5].

The Petition asserts that Petitioner is a native of Cambodia who was brought to the United States in 1981, at age 5, as a refugee from the Khmer Rouge regime. Petitioner was granted permanent legal status but in 1999, following a criminal conviction, a removal order issued. Petitioner contends that since 1999, he has regularly reported to Immigrations and Customs Enforcement ("ICE").

According to the Petition, on September 23, 2019, Petitioner reported to ICE and was told to report back on October 3, 2019. The Petitioner asserts that he was given no notice at that time as to why he needed to report back on that date. Petitioner's family reports that a notice had been mailed to his aunt's address "informing that his release . . . was 'revoked[]'" and "[o]ther than that, . . . he was not . . . informed that he would be detained on October 3rd . . . ." The Petition asserts further that on October 3, 2019, when Petitioner reported to ICE, he was taken into custody and he remains in ICE's custody. The Petition contends, inter alia, that Petitioner's detention violates his right to due process and is in violation of ICE's regulations at 8 C.F.R. § 241.4. At the hearing, Petitioner's counsel noted further that courts have recognized "an opportunity to prepare for an orderly departure," citing Rombot v. Souza, 296 F. Supp. 3d 383, 389 (D. Mass. 2017).

Respondent's counsel represented at the hearing that notice was sent to the address Petitioner had given to ICE, and that notice complied with the requirements of the Temporary Restraining Order entered in the class action Chhoeun v. Marin, No. 17-cv-01898 (C.D. Cal.). Neither counsel provided the court with a copy of the Notice, or the operative order from the Chhoeun class action.

As set forth in Judge Saylor's Order [#4], the court requires time to determine its

2

jurisdiction and, if appropriate, to provide Petitioner the relief he has requested in his <u>Petition for a Writ of Habeas Corpus and for a Writ of Mandamus</u> [#1]. The proposed removal to Texas, despite the government's assurances that Petitioner will be returned to this District, may interfere with the court's ability to provide Petitioner relief that he is entitled to under federal law. At this juncture, it is not apparent whether ICE has detained Petitioner in accordance with its own regulations, the federal Constitution's Due Process Clause, or the injunction in <u>Chhoen</u>. Until the merits of the petition can be addressed, the court deems it to be in the interests of justice that Petitioner remains within the court's jurisdiction.

Accordingly, the following is ORDERED:

1. The Department of Homeland Security, U.S. Immigration and Customs Enforcement, is ENJOINED from moving Petitioner, Vibol Sok, outside the jurisdiction of the United States District Court for the District of Massachusetts pending further court order.
2. Respondent shall file a Response to the Petition as previously ordered.
3. A hearing is scheduled for November 1, 2019, at 9:30 A.M. to hear argument on the <u>Petition for a Writ of Habeas Corpus and for a Writ of Mandamus</u> [#1], including as to this court's jurisdiction.

IT IS SO ORDERED.

October 9, 2019

/s/ Indira Talwani
Indira Talwani
United States District Judge